Thomas I. Rozsa, State Bar No. 080615
Zsofia Nemeth, State Bar No. 298240
**ROZSA LAW GROUP LC**
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990
Facsimile (818) 783-0992
Email: counsel@rozsalaw.com

Attorneys for That's It Nutrition, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)**

THAT'S IT NUTRITION, LLC, a California limited liability company,

Plaintiff,

vs.

GENERAL MILLS, INC., a corporation of Delaware; SMALL PLANET FOODS, INC., a corporation of Washington; and DOES 1-10, Inclusive,

Defendants.

**CASE NO.: 2:16-cv-2871**

**COMPLAINT FOR**
1. **TRADEMARK INFRINGEMENT**
2. **UNFAIR COMPETITION**
3. **TRADEMARK DILUTION**
4. **CALIFORNIA UNFAIR COMPETITION**
5. **COMMON LAW TRADEMARK INFRINGEMENT**
6. **COMMON LAW UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

COMES NOW Plaintiff THAT'S IT NUTRITION, LLC, a limited liability company of California (hereafter "Plaintiff" or "That's It"), and for its Complaint against GENERAL MILLS, INC., a corporation of Delaware; SMALL PLANET FOODS, INC., a corporation of Washington, and DOES 1-10, Inclusive, complains and alleges as follows:

**THE PARTIES**

1. Plaintiff THAT'S IT NUTRITION, LLC is a limited liability company duly formed and existing under the laws of the State of California and has its principal place of business located at 16106 Hart Street, Van Nuys, California 91406. Plaintiff is the owner by assignment of all title, right and interest in and to the "That's It." trademark, United States Trademark Registration No. 4,035,020 (hereafter "That's it.®"), with the right to enforce the That's it.® trademark.

2. Plaintiff is informed and believes and based thereon alleges that Defendant GENERAL MILLS, INC. (hereafter "General Mills") is a corporation formed and existing under the laws of the State of Delaware and has its principal place of business located at Number One General Mills Boulevard, Minneapolis, Minnesota.

3. Plaintiff is informed and believes and based thereon alleges that Defendant SMALL PLANET FOODS, INC. (hereafter "Small Planet") is a corporation formed and existing under the laws of the State of Washington and has its principal place of business located at Number One General Mills Boulevard, Minneapolis, Minnesota. Plaintiff is informed and believes and based thereon alleges that Small Planet is a wholly-owned subsidiary of General Mills. (General Mills and Small Planet are hereafter collectively "Defendants")

4. Plaintiff is informed and believes and based thereon alleges that the Defendants are doing continuous and substantial business within this judicial district in the State of California. In particular, Plaintiff is informed and believes

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

and based thereon alleges that Defendants have been and are advertising, offering for sale, selling and/or placing products in the stream of commerce in the United States knowing that they will be sold to consumers in this judicial district. In particular, as set forth in detail below, Defendants have been and are using, without the permission of Plaintiff, Plaintiff's That's it.® mark in connection with Defendants' advertising and/or offering for sale of their LÄRABAR® products in this judicial district.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. At such time as the true names and capacities of these DOE defendants are ascertained, Plaintiff will seek leave of the Court to amend its Complaint to allege their true names and capacities. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times mentioned herein, each of the DOE defendants was responsible, along with the named Defendants. Plaintiff is further informed and believes and based thereon alleges that the Defendants and the DOE defendants, and each and every one of them, knowingly and willfully conspired and agreed among themselves or induced each other to commit the wrongful acts as set forth herein. These wrongful acts were done pursuant to and in furtherance of this conspiracy, agreement and/or inducement. Plaintiff is further informed and believes and based thereon alleges that certain individuals named at this time as DOE defendants and each of them, are responsible in some manner, by their acts and/or omissions, for the matters alleged herein. The wrongful acts alleged herein were done through their acts and/or omissions.

6. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendants, and each of them, were and are the agents, servants, employees, parents, subsidiaries, and/or co-conspirators of each other, and were and are acting within the scope of such agency or employment, parent

ownership, or subsidiary ownership, or otherwise participated in the improper conduct alleged herein. Each of the Defendants is in some form or manner responsible for the conduct herein complained of, and Plaintiff's harm and damages are proximately caused by the conduct of each.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction over the subject matter of the first, second and third causes of action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) as well as 15 U.S.C. §§ 1125, because these causes of action are for trademark infringement, false designation of origin and trademark dilution which arise under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. § 1051, et seq.

8. This Court also has original jurisdiction over the subject matter of the fourth through sixth causes of action pursuant to the provisions of 28 U.S.C. § 1338(b), because these causes of action are for California unfair competition under California Business and Professions Code § 17200 and California common law, and California trademark infringement in violation of California common law, all of which are claims for unfair competition under California law that are joined with a substantial and related claim under the trademark laws of the United States.

9. Further, this Court has supplemental jurisdiction over the fourth through sixth causes of action, which assert state law claims, pursuant to the provisions of 28 U.S.C. 1367(a). These state law claims are so related to the other claims in this case, over which the Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

10. This Court has personal jurisdiction over the Defendants who have been and are transacting substantial and continuous business within this judicial district and committed acts of infringement within this judicial district. Namely,

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Plaintiff is informed and believes and based thereon alleges that Defendants manufacture and distribute a snack bar under the LÄRABAR mark, and at least one video advertisement for the LÄRABAR snack bars of the Defendants infringed upon Plaintiff's That's it.® mark by virtue of making unlawful use of the That's it.® mark. Plaintiff is informed and believes and based thereon alleges that the infringing advertisement of the Defendants was – and still is – being broadcast in this judicial district and can also be viewed online by customers in this judicial district. Therefore, a substantial part of Defendants' acts complained of herein, and the events giving rise to the claims in this case occurred in this judicial district.

11. Each and every one of the Defendants is subject to the personal jurisdiction of this Court because Plaintiff is informed and believes and based thereon alleges that the Defendants have committed and/or actively induced the infringing and improper acts complained of herein, and continue to do so, in this judicial district.

12. Plaintiff is informed and believes, and based thereon alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391and 1400, in that, inter alia, the matters in controversy arise out of the activities undertaken in this judicial district and the Defendants, and each of them, are subject to the personal jurisdiction of this Court.

## **THE INTELLECTUAL PROPERTY RIGHTS OF PLAINTIFF**

13. In or about June 2011, Plaintiff has introduced to the United States market a new line of fruit snack bars under the trademark That's it.®. Plaintiff developed the innovative That's it.® products with the aim to create a line of healthy and delicious snack bars that preserve the purity and balance fruits naturally have. As Plaintiff's website explains: "That's it.® fruit bars are made with literally two ingredients: fruit and fruit and that's it! You can't get any simpler than that!" True and correct copies of printouts from Plaintiff's website

describing the That's it.® products are attached hereto as **EXHIBIT 1** and incorporated by reference.

14. Plaintiff's That's It.® fruit snack bars are one-of-a-kind in their market segment. They are the only two-ingredient fruit snack that contain nothing other than pure fruit. The That's It.® fruit snack bars are all natural and don't contain any added sugar, corn syrup, artificial colors or flavors, purees, concentrates, or any type of preservative. They are also fat free, kosher, vegan, gluten free, non-GMO, and raw. Since the launch of the That's It.® brand nearly five years ago, Plaintiff's assortment of fruit snack bars has grown to include over a dozen flavors. The That's It.® fruit snack bars were an eminent commercial success and have enjoyed dynamic growth ever since, making their way onto the shelves of renowned retailers such as Whole Foods Market and Starbucks.

15. On October 4, 2011, the United States Patent and Trademark Office issued United States Trademark Registration No. 4,035,020 for the That's it.® mark to Plaintiff's predecessor, a true and correct copy of which is attached hereto as **EXHIBIT 2** and incorporated herein by reference.

16. Plaintiff has acquired and duly owns all right, title and interest in the That's it.® mark by virtue of a proper assignment, including the right to sue and recover for infringement thereof. A true and correct copy of the assignment is attached hereto as **EXHIBIT 3** and incorporated herein by reference. The That's it.® mark is in full force and effect.

17. Since 2011, Plaintiff has also introduced a product line of fruit juices sold under the "THAT'S IT" brand name. On November 11, 2014, the United States Patent and Trademark Office issued to Plaintiff a registration for "THAT'S IT" for fruit drinks and fruit juices, Registration No. 4,638,221. A true and correct copy of the registration is attached hereto as **EXHIBIT 4** and incorporated herein by reference.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

18. Since at least as early as June 2011, and prior to the acts of Defendants complained of herein, Plaintiff has continuously been advertising, promoting, distributing, producing, offering for sale and selling products under the That's it.® mark. Plaintiff has widely advertised the That's it.® fruit snack bars on its website, at trade shows and through social media. Plaintiff devoted substantial funds to the national and international promotion of the That's it.® mark and the products sold under the That's it.® mark. True and correct copies of printouts from Plaintiff's website advertising Plaintiff's products bearing the That's it.® mark are attached hereto as **EXHIBIT 5** and incorporated by reference.

19. Demand for the various That's it.® fruit snack bars has been steadily increasing since they were introduced to the market and the products have been enjoying expanding and significant sales. By way of example, U.S. retailer customers of Plaintiff who have been purchasing the That's it.® fruit snack bars from Plaintiff for years include renowned chains Whole Foods Market, Starbucks, Target, Kroger and 7 Eleven. The That's it.® fruit bars are widely appreciated by retailers and end user customers alike and their sales have been increasing year after year. In addition to the United States, Plaintiff advertises, promotes, offers for sale and sells products under the That's it.® mark internationally, including Japan.

20. In or about 2015, That's it.® fruit snack bars were cleared by NASA's food lab and were launched on a cargo mission to the International Space Station as one of the special requests made by the astronauts currently in orbit. By way of example, a true and correct copy of an article discussing the journey of the That's it.® fruit snack bars to the International Space Station is attached hereto as **EXHIBIT 6**.

21. The That's it.® mark has become famous and is recognized in Plaintiff's field of industry and amongst consumers in general, which is evidenced by the expansive growth in sales of the That's it.® products and the ever-growing geographic reach of the That's it.® products. The That's it.® mark is

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

conspicuously shown on each and every packaging material of Plaintiff's products sold under the That's it.® mark, and in all of Plaintiff's advertising for the That's it.® mark.

22. Over the years the That's it.® mark has enjoyed a high volume of media coverage, including print, broadcast and online media. Media coverage of the That's it.® products highlighted their uniqueness in the marketplace and pointed out that the That's it.® brand is associated with and known for delicious, limited ingredient products made of natural, pure fruits. A true and correct printout from Plaintiff's website showing the various media outlets that covered the That's it.® products is attached hereto as **EXHIBIT 7** and incorporated herein by reference.

## INFRINGING AND UNLAWFUL ACTS OF THE DEFENDANTS

23. On or about February, 2016, Plaintiff became aware that Defendants introduced a new, 12 second video advertisement for their Peanut Butter Cookie flavored LÄRABAR product (hereafter "Infringing Advertisement"). True and correct printouts of various frames from the Infringing Advertisement are attached hereto as **EXHIBIT 8** and incorporated herein by reference.

24. Plaintiff is informed and believes and based thereon alleges that the Infringing Advertisement makes unlawful use of Plaintiff's That's it.® mark, without Plaintiff's permission or consent. As shown on page 5 of Exhibit 6, the phrase "THAT'S IT", the entirety of Plaintiff's trademark at issue, is used in the Infringing Advertisement in connection with the advertising and offering for sale of the Peanut Butter Cookie flavored LÄRABAR product of the Defendants.

25. Plaintiff is informed and believes and based thereon alleges that the Infringing Advertisement has been broadcast and is currently being broadcast on television. In addition, Plaintiff is informed and believes and based thereon alleges that the Infringing Advertisement has been and is currently available for viewing

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

on Defendants' website of their LÄRABAR products, and on Defendants' Youtube video channel. By way of example, a true and correct copy of a printout of Defendants' website showing the Infringing Advertisement is attached here as **EXHIBIT 9** and incorporated herein by reference; and a true and correct copy of a printout of Defendants' YouTube video channel showing the Infringing Advertisement is attached hereto as **EXHIBIT 10** and incorporated herein by reference.

26. Plaintiff is informed and believes and based thereon alleges that Defendants' LÄRABAR products are fruit and nut snack bars that directly compete with Plaintiff's That's it.® fruit bars. Plaintiff is further informed and believes and based thereon alleges that the LÄRABAR products are advertised, offered for sale and sold through similar or the same channels of trade, to the same target group of consumers as Plaintiff's That's it.® products.

27. Plaintiff is informed and believes and based thereon alleges that although Defendants' LÄRABAR products are advertised as limited ingredient snacks, the ingredient lists of Defendants' LÄRABAR products significantly differ from Plaintiff's two or three ingredient That's it.® fruit snack bars.

28. Plaintiff is informed and believes and based thereon alleges that consumers who view the Infringing Advertisement will be misled into believing that Plaintiff's That's it.® fruit snack bars are associated with, emanate from or are sponsored by the Defendants. Plaintiff is further informed and believes and based thereon alleges that consumers who view the Infringing Advertisement will be misled into believing that Plaintiff's That's it.® fruit snack bars are no longer manufactured and/or distributed by a small, family run company that is dedicated to creating organic, non-GMO, healthy and nutritious products, but instead, Plaintiff's products are now mass manufactured and mass marketed by a large, international conglomerate.

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

**FIRST CAUSE OF ACTION**

(Trademark Infringement, 15 U.S.C. § 1051, *et seq*.)

29. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 28, above.

30. Since at least June 2011, and prior to the acts of Defendants complained of herein, Plaintiff has continuously produced, advertised, marketed, distributed, offered for sale and sold in interstate commerce in the United States healthy, natural, two or three ingredient fruit snack bars under the distinctive That's it.® trademark. Since it was first introduced in 2011 and throughout the years since then, the That's it.® fruit snack bars have been unique in the market of healthy fruit snacks.

31. On or about February 2016, Plaintiff became aware that the Defendants, and each and every one of them, are using the phrase "THAT'S IT" in the Infringing Advertisement to advertise their Peanut Butter Cookie flavored LÄRABAR fruit and nut snack bar. The phrase "THAT'S IT" is virtually identical to Plaintiff's That's it.® trademark that Plaintiff uses in connection with its line of fruit snack bars.

32. Defendants' use of Plaintiff's That's it.® mark in the Infringing Advertisement is without the permission or consent of Plaintiff.

33. Plaintiff is informed and believes and based thereon alleges that the Infringing Advertisement has been broadcast and is currently being broadcast on television. In addition, Plaintiff is informed and believes and based thereon alleges that the Infringing Advertisement has been and is currently available for viewing on Defendants' website of their LÄRABAR products, and on Defendants' Youtube video channel.

34. Plaintiff is informed and believes and based thereon alleges that Plaintiff's fruit snack bars sold under the That's it.® trademark directly compete with Defendants' products advertised in the Infringing Advertisement and under

the LÄRABAR name. Plaintiff is further informed and believes and based thereon alleges that the products of Plaintiff and Defendants are both in the healthy fruit snack market segment and they are sold through very similar or the same channels of trade, to similar or the same target group of customers.

35. As a result, Plaintiff is informed and believes and based thereon alleges that the Infringing Advertisement of Defendants is likely to cause confusion and mistake in the minds of the purchasing public and, tendd to and does falsely create the impression that Plaintiff is affiliated with the Defendants and Plaintiff's products originate from the Defendants or are authorized, sponsored and/or approved by the Defendant, when, in fact, they are not.

36. Plaintiff is informed and believes and based thereon alleges that Defendants had knowledge of the That's it.® mark and the considerable commercial success it has achieved. Plaintiff is further informed and believes and based thereon alleges that Defendants, and each of them, willfully and with conscious disregard for Plaintiff's trademark rights in and to the That's it.® mark, used in the Infringing Advertisement the That's it.® mark.

37. Defendants' acts set forth above constitute infringement of Plaintiff's trademark in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*., to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

38. As a result of their infringing and unlawful acts, Defendants have been, and continue to be, unjustly enriched by profits that Defendants have made in connection with the Infringing Advertisement that unlawfully utilizes Plaintiff's That's it.® mark.

39. Defendants' continuing infringement has inflicted, and unless enjoined by this Court, will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

preliminary and permanent injunction enjoining Defendants from engaging in further acts of infringement.

40. As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has suffered, and is entitled to, monetary damages in an amount to be determined at trial. Plaintiff is also entitled to its costs of suit, including its reasonable attorneys' fees, and pre- and postjudgment interest.

41. Plaintiff is informed and believes and based thereon alleges that Defendants' acts were willful, in conscious disregard for Plaintiff's trademark rights in and to the That's it.® trademark, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

**SECOND CAUSE OF ACTION**

(Unfair Competition, 15 U.S.C. § 1125)

42. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 28 above.

43. Plaintiff owns and enjoys trademark rights in the That's it.® mark, which trademark rights are superior to any rights that Defendants may claim in the "THAT'S IT" phrase. The That's it.® mark is inherently distinctive or has acquired secondary meaning with the trade and consumers and/or has become distinctive in the minds of customers in that the That's it.® products are recognized as emanating from, made or sponsored by, affiliated or associated with Plaintiff.

44. Plaintiff is informed and believes and based thereon alleges that Defendants have used and are using the "THAT'S IT" phrase in their Infringing Advertisement with the intent of passing off and confusing the customers into believing that the products of the Defendants and the products of the Plaintiff originate from, are sponsored by, affiliated or associated with the same source.

45. By using Plaintiff's That's it.® mark in the Infringing Advertisement, Defendants have infringed on Plaintiff's trademark rights in and to the That's it.® trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Defendants' acts set forth above further constitute false designation of origin, false description, false representation, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as such acts are likely to deceive customers and prospective customers into believing that Defendants' products are from or sponsored by Plaintiff, or in the alternative, that Plaintiff's products are affiliated with the Defendants and, as a consequence, are likely to divert and have diverted customers away from Plaintiff.

46. Unless enjoined by this Court, Defendants will continue to use the Infringing Advertisement in commerce in the United States, and Defendants products will be viewed as being associated with Plaintiff. Plaintiff, however, has no control over the nature and quality of the Defendants' products shown in the Infringing Advertisement and/or sold under the LÄRABAR name, and any fault or objection with the LÄRABAR products will adversely affect Plaintiff's future sales of the That's it.® products.

47. As a result of their infringing and unlawful acts, Defendants have been, and continue to be, unjustly enriched by profits that Defendants have made in connection with the marketing, advertising, distribution, offer for sale and/or sale of Defendants' products promoted in the Infringing Advertisement.

48. Defendants' continuing infringement has inflicted, and unless enjoined by this Court, will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from engaging in further acts of infringement and unfair competition.

49. As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has suffered, and is entitled to, monetary damages in an amount to be determined at trial. Plaintiff is also entitled to its costs of suit, including its reasonable attorneys' fees, and pre- and post-judgment interest.

50. Plaintiff is informed and believes and based thereon alleges that Defendants' acts were willful, in conscious disregard for Plaintiff's trademark rights in and to the That's it.® mark, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

**THIRD CAUSE OF ACTION**

(Trademark Dilution, 15 U.S.C. § 1125(c))

51. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 28 above.

52. Plaintiff's That's it.® trademark and family of marks for the That's it phrase has become distinctive and famous. Plaintiff has used these marks in connection with the national and international distribution of high quality fruit snack bars and fruit juices since as early as 2011. Plaintiff's That's it.® brand enjoys sales of millions of dollars annually.

53. Plaintiff owns federal trademark registrations for the That's it.® mark in the United States and in Japan, in connection with dehydrated fruit snacks. To the best of Plaintiff's knowledge, no trademark is used in connection with dehydrated fruit snacks that is similar to Plaintiff's That's it.® mark. Plaintiff also owns a federal trademark registration for the That's it. mark in the United States, in connection with fruit juices.

54. In the Infringing Advertisement Defendants, and each and every one of them, advertised their LÄRABAR fruit and nut snacks with the use of the phrase "THAT'S IT" which encompasses the entirety of Plaintiff's That's it.® trademark.

55. The unauthorized use of the "THAT'S IT" phrase by Defendants in connection with Defendants' products, dilutes the distinctive quality of Plaintiff's trademarks, tarnishes the image of Plaintiff's That's it brand and is damaging Plaintiff's business and goodwill in contravention of the Federal Trademark Dilution Act of 1995, codified at 15 U.S.C. §1125(c).

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

56. Defendants' acts of trademark dilution have caused and are causing great and irreparable injury to Plaintiff and Plaintiff's family of That's it. marks in an amount that cannot be determined at this time and unless enjoined by this Court, will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from engaging in further acts of dilution.

57. As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has suffered, and is entitled to, monetary damages in an amount to be determined at trial. Plaintiff is also entitled to its costs of suit, including its reasonable attorneys' fees, and pre- and post-judgment interest.

58. Plaintiff is informed and believes and based thereon alleges that Defendants' acts were willful, in conscious disregard for Plaintiff's trademark rights in and to the That's it.® mark, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

**FOURTH CAUSE OF ACTION**

(California Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200, *et seq*.)

59. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 28 and 42 – 50, above.

60. Plaintiff owns and enjoys trademark rights in the That's it.® mark. The That's it.® mark is inherently distinctive or has acquired secondary meaning with the trade and consumers and/or has become distinctive in the minds of customers in that the That's it.® mark is recognized as emanating from, made or sponsored by, affiliated or associated with Plaintiff.

61. Plaintiff has built valuable business reputation and goodwill in its That's it.® mark. Defendants' unauthorized use in the Infringing Advertisement of the "THAT'S IT" phrase that is the same or confusingly similar to Plaintiff's That's it.® trademark, is likely to and does permit Defendants to trade upon the

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

goodwill of Plaintiff's That's it.® mark and to confuse the public regarding a connection or affiliation between Plaintiff and Defendants.

62. Defendants' aforementioned conduct results in damage to Plaintiff's goodwill and business reputation and unjustly enriches the Defendants.

63. By unlawfully using Plaintiff's That's it.® mark in the Infringing Advertisement, Defendants mislead others, and will continue to mislead others into assuming there is a connection between Defendants and Plaintiff.

64. Defendants' use of the "THAT'S IT" phrase, which is virtually identical to Plaintiff's That's it.® mark, was and is without the consent of Plaintiff.

65. Defendants' unauthorized use of a phrase that is virtually identical to Plaintiff's That's it.® trademark constitutes unfair competition in violation of § 17200, *et seq*., of the California Business and Professions Code.

66. Plaintiff is informed and believes, and based thereon alleges that, unless enjoined by this Court, Defendants will continue to infringe Plaintiff's That's it.® trademark and monetary compensation will not be adequate relief for Plaintiff for the damage to its trademark in the public's eye. Plaintiff is entitled to preliminary and permanent injunction enjoining Defendants from engaging in further acts of infringement.

67. As a result of their acts complained of herein, Defendants have been, and will continue to be unjustly enriched by profits they made in connection with Defendants' unauthorized use of Plaintiff's That's it.® trademark.

**FIFTH CAUSE OF ACTION**

(Common Law Trademark Infringement)

68. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 28 and 29 – 41, above.

69. Plaintiff has continuously used and promoted its That's it.® trademark. By way of Plaintiff's continuous use and promotion of its That's it.®

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

trademark, as well as the distinctiveness of the That's it.® trademark, customers recognize and associate Plaintiff's That's it.® trademark as representing a single, even if anonymous, source or sponsor of goods, and therefore Plaintiff's That's it.® trademark is a protectable trademark at common law.

70. Plaintiff owns and enjoys common law trademark rights in the That's it.® trademark, which rights are superior to any rights that Defendants may claim in and to any trademark with respect to the That's it.® trademark. Plaintiff's That's it.® trademark is inherently distinctive and/or has acquired secondary meaning with the trade and customers and/or has become distinctive in the minds of customers in that the That's it.® trademark is associated with Plaintiff.

71. Defendants have used the "THAT'S IT" phrase that bears a confusingly similar appearance to Plaintiff's That's it.® trademark. Defendants' unauthorized use of Plaintiff's That's it.® trademark has created a likelihood of confusion in the trade and among the consuming public.

72. The use by Defendants of the "THAT'S IT" phrase is likely to cause confusion, and Plaintiff is informed and believes, and based thereon alleges, that it has caused confusion in that purchasers will be likely to associate or have associated Plaintiff with the Defendants, all to the detriment of Plaintiff.

73. By reason of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its That's it.® trademark unless and until Defendants are enjoined from continuing their wrongful acts.

74. Plaintiff is informed and believes, and based thereon alleges that Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard for Plaintiff's rights in its That's it.® mark, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

**SIXTH CAUSE OF ACTION**

(Common Law Unfair Competition)

75. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 28, 42 – 50, 59 – 67, above.

76. The distribution by or on behalf of the Defendants of the Infringing Advertisement throughout the United States is likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendants and Plaintiff and constitute unfair competition at common law.

77. By reason of Defendants' actions in connection with the Infringing Advertisement, Plaintiff has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its That's it.® trademark unless and until Defendants are enjoined from continuing their wrongful acts.

78. By reason of Defendants' actions in connection with the Infringing Advertisement, Plaintiff has been damaged in an amount not presently ascertained, and such damage will continue to increase unless and until Defendants are enjoined from continuing their wrongful acts.

79. Plaintiff is informed and believes, and based thereon alleges that Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard for Plaintiff's rights in its That's it.® trademark, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

//

//

//

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1. That this Court adjudge that the That's it.® trademark, U.S. Registration No. 4.035,020 is valid and enforceable and in full force and effect;

2. That this Court adjudge that Defendants, and each of them, have infringed the That's it.® mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, and that such trademark infringement was committed willfully;

3. That this Court adjudge that Defendants, and each of them, have wrongfully used in commerce, or induced the wrongful use in commerce, of false designation of origin, false description and committed or induced acts of unfair competition by the use of the term "THAT'S IT" in their advertisements for their LÄRABAR products, in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and that such false designation of origin, false description and unfair competition were committed willfully;

4. That this Court adjudge that Defendants' use of the term THAT'S IT" in their advertisements for their LÄRABAR products has diluted each and every mark in the Plaintiff's That's it.® family of trademarks, U.S. Registration No. 4,035,020 and U.S. Registration No. 4,638,221, and caused injury to Plaintiff's goodwill and business reputation in violation of §43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and that such trademark dilution was committed willfully;

5. That this Court adjudge that Defendants have competed unfairly or induced acts of unfair competition with Plaintiff in violation of California Business & Professions Code §§ 17200, *et seq*., and that such unfair competition was committed willfully;

6. That this Court adjudge that Defendants have committed acts of trademark infringement in violation of the common law of the State of California, and that such trademark infringement was committed willfully;

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

7. That this Court grant a preliminary injunction and thereafter a permanent injunction immediately enjoining Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, parents, subsidiaries and divisions, and all persons and/or entities acting for, with, by, through, or in active concert or participation with Defendants from:

(a) infringing the That's it.® mark or variations thereof that are phonetic equivalents or that are likely to cause confusion, mistake or deception among the consuming public as to the source of origin or products bearing the That's it.® mark, or that are likely to confuse the consuming public as to the sponsorship or association of Defendants or their business with Plaintiff, in violation of the Lanham Act and/or California common law;

(b) using the That's it.® mark or and/or any other designation that is a colorable imitation of and/or is confusingly similar to the That's it.® mark in connection with the manufacturing, producing, importing, advertising, promoting, marketing, distributing, offering for sale and/or selling fruit snack bars neither originating from nor authorized by Plaintiff, or otherwise unfairly competing with Plaintiff in violation of the Lanham Act, including, without limitation, using the That's it.® mark in any and all form of publication, including, but not limited to, audio, audiovisual and print advertising, brochures, flyers, web pages, or social media;

(c) representing in any manner, or by any method whatsoever, that goods, services, or other products provided by the Defendants originate from, affiliated or associated with, approved or authorized or sponsored by Plaintiff, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship or certification of such goods or services in violation of the Lanham Act;

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

(d) causing dilution to the distinctive quality of the That's it.® mark or causing further injury to Plaintiff's business reputation, in violation of the Lanham Act; and

(e) competing unfairly with Plaintiff in any manner in violation of California Business & Professions Code §17200 *et seq*. and/or of the common law;

8. That this Court issue a preliminary injunction ordering the Defendants to retain any and all copies of the Infringing Advertisement and any documents relating thereto and any and all inventory of any products, any packaging, labels or advertising materials that contain the That's it.® mark and retain the aforementioned items in a secure location during trial;

9. That this Court order that an accounting be had to determine Defendants' profits and the damages due to Plaintiff because of Defendants' infringing and unlawful activities;

10. That this Court order disgorgement and/or restitution of Defendants' profits to Plaintiff;

11. That this Court award to Plaintiff enhanced damages up to three times their amount, with interest, all in accordance with 15 U.S.C. § 1117(a), against Defendants to punish Defendants for their malicious and oppressive actions of willful and deliberate violation of Plaintiff's trademark rights;

12. That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under 15 U.S.C. § 1117(a);

13. That this Court award Plaintiff its reasonable costs of suit and attorneys' fees in bringing this action;

14. That this Court award Plaintiff punitive damages;

15. That this Court award Plaintiff pre- and post-judgment interest on its damages; and

//

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

16. That this Court award Plaintiff such other and further relief as the Court may deem just and proper.

Dated: April 26, 2016

ROZSA LAW GROUP L.C.

By: /s/ Thomas I. Rozsa
Thomas I. Rozsa
Zsofia Nemeth
Attorneys for That's It Nutrition, LLC

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

**DEMAND FOR JURY TRIAL**

Plaintiff That's It Nutrition, LLC hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and California Constitutions, statutes and laws.

Respectfully submitted:

Dated: April 26, 2016

ROZSA LAW GROUP L.C.

By: /s/ Thomas I. Rozsa

Thomas I. Rozsa
Zsofia Nemeth
ROZSA LAW GROUP L.C.
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356
Tel. (818) 783-0990
Fax (818) 783-0992
E-mail: counsel@rozsalaw.com

Attorneys for That's It Nutrition, LLC